## BOGART *vs.* GREEN AND ROGERS.

1. The securities of a constable are not liable, on the official bond, for the amount of notes, &c., placed in his hands for collection, and by him collected; they are only liable where the money has been paid to the constable after the commencement of suit, or after judgment. (See "Justices' Courts," art. 2, sec. 21, and art. 7, sec. 18, R. S. 1835, p. 352, 367.)

2. A party cannot give parol evidence of the existence and contents of a judgment rendered by a justice of the peace, without first proving its loss or destruction. Secondary evidence of a record is inadmissible, unless its loss or destruction be first proved.

*Bogart* vs. *Green and Rogers.*

APPEAL from Davies Circuit Court.

STRINGFELLOW, *for Appellants.*

1. The securities are not liable unless the officer acted officially.

2. There is no authority vested in a constable to receive or collect money officially, unless there be a judgment. He may then receive the money without an execution; and his securities will be liable.— Stat. Mo., 367.

3. Parol evidence of an execution or judgment can never be given, until their loss is shown. Authorities are deemed unnecessary on this point.

4. The intructions asked by appellant ought to have been given.

EDWARDS, *for Appellee.*

1. Where a debt is put into the hands of a constable, and collected by him by virtue of his office, he and his securities are liable, on his official bond, for the amount collected; and the plaintiff is not bound to prove that the money was collected on a judgment or execution.

2. To prove that money collected by a constable was collected upon a judgment or execution, it is not necessary to produce a transcript of the judgment; but the fact is sufficiently proved by proof that a summons was served on the defendant; and that the constable afterwards called upon him with an execution, upon which the amount was paid.— Cowen & Hill's notes to Phil. Ev., part 1, 554; 13 Wend., 35.

3. That if the Circuit Court erred, it was against the plaintiff, (appellee,) in rendering judgment for the amount collected only, and not for the same, with interest thereon at the rate of 100 per cent. per annum from the time the money ought to have been paid.— Rev. Stat., p. 368, sec. 22, 23.

TOMPKINS, *Judge, delivered the opinion of the Court.*

Samuel Bogart instituted his suit, before a justice of the peace, against John W. Bush, a constable, and William S. Green, Jacob Rogers, and G. Worthington, securities of said Bush, on his official bond. The summons was served on Green and Rogers, who appeared and defended. The judgment being given against them, they appealed to the Circuit Court.

In that court, Bogart gave in evidence the official bond of Bush; and proved by a witness, that some time in the summer of the year 1839, Bogart put a note into the hands of one Conner to be sued on; the note was made by one Wilhite, brother to the witness: witness said Conner caused suit to be brought on this note; and that Bush came to Wilhite, the maker of the note, and served a summons on him; afterwards, Bush again came to Wilhite with an execution, which the witness said he saw, and that Wilhite paid Bush eight dollars, the amount of the execution. The witness further states, that he knew that Bush had a summons

against Wilhite on the note above mentioned, by the admission of Bush. The defendants objected to this testimony, and the court overruling their objection, they excepted to the decision of the court. Several instructions were given by the court, to which exceptions were taken by the defendants. The Circuit Court also gave judgment for the plaintiff; and the defendants appeal to this Court.

The plaintiff, Bogart, to sustain the judgment of the Circuit Court, makes these points :—

1st. Where a demand is put into the hands of the constable, and collected by him by virtue of his office, he and his securities are liable on his official bond for the amount collected on judgment or execution.

2d. To prove that the money was collected on a judgment or execution, it is not necessary to produce a transcript of the judgment; but it is sufficient to prove that a summons was served on the defendant; and that the constable afterwards called upon him with an execution, upon which he paid the amount.

1. The constable gives bond, conditioned, that he will execute all process to him directed and delivered, and pay all money by him received upon the same. —Second section of the act concerning constables, p. 116, of the Digest of 1835. The act concerning justices' courts directs, that at any time after the commencement of suit, the defendant may pay to the constable the full amount of the claim and costs, &c.; (twenty-first section of second article, p. 352;) and by the eighteenth section of seventh article of the same act, p. 367, the constable is required to receive all money that may be tendered to him in payment of any judgment obtained before a justice of the peace, &c. The language of the first point, then, is exceptionable in assuming, that a constable may receive evidences of debt for collection, "by virtue of his office," and his securities cannot be made liable for any money he may receive on notes, &c., given him for collection, unless it be after process to him directed and delivered.

2. In support of his second point, the appellee relies on the notes to Phillips' Evidence, p. 554, where it is said, that if it be proved that A. acted as a justice of the peace, it is evidence as primary proof of his official character, though the writ issued by him was not produced.

That is all very true, but here is no dispute whether Bush was constable: that not being denied, it is supposed to be admitted; but the true question is, whether there was a judgment given by the justice. The proper evidence is the transcript of the justice's docket. The witness says, Bush told him he had a summons for the defendant, Wilhite; and that afterwards, he saw Bush have an execution. This evidence is too loose to supply the place of the justice's transcript. The law admits no secondary evidence to supply a record that is not proved to be lost. The witness might be mistaken; he might wilfully misrepresent. The appellee is more unfortunate in his second authority. (13 Wendall, 35.) In that case, the declaration was against the defendants, as representatives of the late sheriff of Niagara county, and it set out a judgment in favor of the plaintiff, the issuing of an execution, and the delivery of the same to the late sheriff; and on the trial of the cause, the exemplification of the record was produced in evidence; the issuing of the execution, its delivery to the sheriff, and his admission shortly after, that

he had collected the money, were duly proved. We are not at liberty to presume that matter in *pais* was here admitted to prove any thing but the delivery of the execution to the sheriff, and the admission that he had collected the money. But in the case before the court, the issuing of the summons is proved by the admissions of Bush, and we are left to presume, from the verbal statement of the witness, that he saw an execution. The citation from Phillips' Evidence is not in point, and the case from Wendall proves that the justice's transcript ought to have been produced, to show a judgment for the plaintiff, and an execution issued thereon. After that, the payment of the money by the defendant, Wilhite, might have been proved. Without such proof, the securities of Bush were not liable in this action, on his official bond. The judgment of the Circuit Court is reversed, and the cause remanded.